IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. GHJ-19-0340 |
| ROBERT CARL DIIENNO | * | |

* * * * * * * * * *

## MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANTS, IN WARRANTLESS SEARCHES, AND DERIVATIVE EVIDENCE

Mr. Robert DiIenno, through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 12(b)(3) hereby moves this Honorable Court to suppress any evidence seized in violation of the Fourth Amendment to the United States Constitution. In support whereof, Mr. DiIenno states the following:

1. Mr. DiIenno is charged with enticement to travel interstate for purposes of prostitution, 18 U.S.C. § 2422(a).

### Evidence Allegedly Seized Pursuant to Search Warrants

2. The government may seek to introduce at trial evidence allegedly seized pursuant to certain search warrants. This motion applies to all such searches whether or not currently known to Mr. DiIenno or specified herein, including without limitation the following searches:

- Search of a residence on Vanderbilt Way in Laurel, Maryland on July 7, 2017
- Additional search of the Vanderbilt Way residence on July 18, 2017
- Search of a residence whose address has been redacted in discovery materials on July 18, 2017;

-1-

- Search of financial records from Bank of America on September 28, 2017

- Forensic searches of electronic devices described as (1) a Samsung cellular telephone with serial number ending -047/2; (2) an LG cellular telephone with serial number ending -1176; (3) a Microsoft Xbox 360 with serial number ending -2807; (4) a PNY memory card with serial number ending -624G; and (5) a Gateway laptop computer with serial number ending -0038; all occurring August 3, 2017

- Search of Facebook accounts on July 6, 2017

- Search of Facebook accounts on July 28, 2017

- Search of Facebook accounts on August 22, 2017

- Search of Gmail accounts on July 28, 2017

- Search of an LG cellular telephone with serial number ending -2594 on July 12, 2017

- Search of PayPal accounts on September 27, 2017

- Search of Venmo accounts on September 27, 2017

- Search of Wells Fargo accounts on September 28, 2017

- Second search of the LG cellular telephone with serial number ending -2594 on or after June 25, 2019.

3.  It is herein asserted that the affidavits provided in support of the applications for the search warrants failed to establish probable cause to permit the search and/or seizure authorized. As such, the warrants should not have issued. The Fourth Amendment requires that no search warrant shall issue without probable cause. Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In evaluating the propriety of the warrant issued, this Court must determine

whether there is substantial evidence in the record to support the magistrate's decision to issue the warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). While this Court should pay "great deference" to findings of probable cause, it does not mean that warrants should be upheld when based on objectively unreasonable grounds for believing the warrant is valid. *Gates*, 462 U.S. at 236.

4. The "good faith" exception to the exclusionary rule noted in *United States v. Leon,* 468 U.S. 897 (1984), does not apply to these searches and seizures because the activity of law enforcement in this case was objectively unreasonable. The "good faith" exception does not apply in this case for one or more of the following reasons: 1) the search warrants were issued in reliance on false statements or misleading omissions in the applications; 2) the magistrate acted as a "rubber stamp" in approving the search warrants, rather than in "neutral and detached" fashion; 3) the applications were legally insufficient for a determination of probable cause; and/or 4) the applications were "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 914-923 (citations omitted). In essence, *Leon*'s "good faith" exception is not applicable because "this is not a case of 'objectively reasonable law enforcement activity.'" *United States v. Wilhelm*, 80 F.3d 116, 123 (4th Cir. 1996).

**Evidence Allegedly Seized During Warrantless Searches**

5. The government may also seek to introduce evidence allegedly seized during warrantless searches. This motion applies to all such searches whether or not currently known to Mr. DiIenno or specified herein, including without limitation the following searches:

- Warrantless search of the Vanderbilt Way residence on June 1, 2017

- Warrantless search of Mr. Dienno's person and/or effects incident to his warrantless arrest on April 27, 2016

- Warrantless search of Mr. Dienno's person and/or effects incident to his warrantless arrest on June 1, 2017

6. As the Supreme Court noted in *Riley v. California*: "Our cases have determined that '[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing,... reasonableness generally requires the obtaining of a judicial warrant.' Such a warrant ensures that the inferences to support a search are 'drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." 134 S. Ct. 2473, 3482 (2014) (quoting *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995), *Johnson v. United States*, 333 U.S. 10, 14 (1948); *Kentucky v. King*, 131 S.Ct. 1849, 1856-1857 (2011).)

7. To the extent the government may assert that Mr. DiIenno consented to any search, the government bears the burden of establishing that such consent was knowingly and voluntarily given and that the search did not exceed the scope of any valid consent. *Bumper v. North Carolina*, 391 U.S. 543, 549 (1968); *United States v. Digiovanni*, 650 F.3d 498, 513 (4th Cir. 2011).

8. To the extent the government may assert that any search was incident to a lawful warrantless arrest, the government bears the burden of establishing that probable cause existed for such arrest. *See Virginia v. Moore,* 553 U.S. 164, 178 (2008) ("*When officers have probable cause* to believe that a person has committed a crime in their presence, the Fourth Amendment

permits them to make an arrest, and to search the suspect in order to safeguard evidence and ensure their own safety." (Emphasis added.))

**Additional Searches and Seizures, Derivative Evidence, Reservation of Right to Supplement**

9. Any additional searches and seizures, whether pursuant to warrants or warrantless, were also unreasonable and in violation of the Fourth Amendment.

10. All fruits of these unreasonable searches, including without limitation statements and tangible evidence, should be suppressed pursuant to *Wong Sun v. United States,* 371 U.S. 471 (1963).

11. Because both discovery and investigation of this case are ongoing, the defense reserves the right to supplement this motion, as well as to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under *Franks v. Delaware*, 438 U.S. 154 (1978).

**WHEREFORE**, Mr. DiIenno requests that this Court grant an Order of Suppression on the grounds alleged herein, in any supplemental memoranda, and any other grounds that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
DOUGLAS R. MILLER (Bar # 18309)
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770-4510
Phone: (301) 344-0600
Fax: (301) 344-0019
Email: douglas_miller@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's Motion.

_____/s/_____
DOUGLAS R. MILLER
Assistant Federal Public Defender