# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No. GHJ-19-0340 |
| **ROBERT CARL DIIENNO** | * | |

\* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS STATEMENTS

Mr. Robert Carl DiIenno, through undersigned counsel, hereby moves this Honorable Court pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress any and all statements, admissions, and confessions ("statements") allegedly given by Mr. DiIenno, whether oral, written or otherwise recorded, which the government proposes to use as evidence at trial. In support whereof, Mr. DiIenno alleges as follows:

1. Mr. DiIenno is charged with enticement to travel interstate for purposes of prostitution, 18 U.S.C. § 2422(a).

2. Discovery indicates that Mr. DiIenno allegedly made certain statements to law enforcement. This motion seeks to exclude all alleged statements which the government may seek to introduce at trial, whether or not such statements are yet known to counsel or are specified herein. However, without limitation, the following alleged statements are specifically at issue: Statements allegedly made by Mr. DiIenno to law enforcement officers on June 1, 2017.

3. Mr. DiIenno is entitled to a hearing regarding the voluntariness of any alleged statements in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965). If, at such hearing, the government fails to establish that such statements were not obtained in violation of Mr. DiIenno's privilege against self-incrimination, nor his right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, nor the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436

(1966), *and* were not otherwise involuntary, *see Mincey v. Arizona*, 437 U.S. 385 (1978); *McNabb v. United States*, 318 U.S. 332 (1943), such statements should be suppressed.

4. Additionally, because the government did not have an arrest warrant for Mr. DiIenno, it bears the burden of establishing that probable cause existed for a warrantless arrest or that reasonable articulable suspicion existed for an investigative detention. Absent such probable cause or reasonable suspicion, any and all alleged statements are excludable for the independent reason that they are also the fruit of the unlawful seizure of Mr. DiIenno's person and should be suppressed under *Wong Sun v. United States,* 371 U.S. 471 (1963) and *Brown v. Illinois*, 422 U.S. 590 (1975).

**WHEREFORE**, Mr. DiIenno moves that all statements, admissions and confessions which the government proposes to use as evidence against him, whether oral, written or otherwise recorded, be suppressed.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

              /s/
DOUGLAS R. MILLER (Bar # 18309)
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
DiIennobelt, Maryland 20770-4510
Phone: (301) 344-0600
Fax: (301) 344-0019
Email: douglas_miller@fd.org

# REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on Defendant's motion.

/s/
DOUGLAS R. MILLER (Bar # 18309)
Assistant Federal Public Defender